# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. SCHUTTPELZ,       )
#41686-039,                  )
                             )
            Plaintiff,       )
                             )
vs.                          )            Case No. 25-cv-01847-JPG
                             )
USA, MS. CURRY, STEPHEN ARDREY,  )
T. HUCKELBERRY, DANIEL SPROUL,   )
MR. WALLACE, MS. TAPELEY,        )
DR. OWINGS, MS. DEITRICK,        )
MS. DUNNING, C. BROOKS, JENNIE   )
McGLYNN EMMONS, BRYAN TAUBE,     )
NESTLEROAD, STEVE BENNER,        )
KARL HAWS, JOHN N. O'BRIEN, II,  )
CHRISTOPHER S. PENNISI,          )
G. THOMAS WINTERHALTER,          )
KEVIN MALCAHY,                   )
and STEPHEN J. MURPHY,           )
                                 )
            Defendants.          )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Michael Schuttpelz, a federal inmate at Loretto Federal Correctional Institution

(FCI-Loretto), brings this action for money damages against the United States and 20 individuals

under *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).

He complains of miscellaneous violations of his federal rights that resulted in his incarceration at

and transfer from the United States Penitentiary in Marion, Illinois (USP-Marion).[1]

---

[1] In September 2025, Plaintiff filed 3 civil suits in this District to address claims arising out of his confinement at USP-Marion in 2022. The Court refers to this case as "Schuttpelz 3." *See also Schuttpelz v. United States*, No. 25-cv-01815-JPG (S.D. Ill. Sept. 22, 2025) ("Schuttpelz 1") (Federal Torts Act Claim (FTCA) for property lost during prison transfer); *Schuttpelz v. United States*, No. 25-cv-01846-JPG (S.D. Ill. Sept. 30, 2025) ("Schuttpelz 2") (FTCA claim against United States for same events that give rise to this action).

The Complaint (Doc. 1) is subject to review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the same allegations in two complaints he filed on September 30, 2025, *i.e.*, Schuttpelz 2 (Doc. 1, pp. 5-19) and Schuttpelz 3 (Doc. 1, pp. 11-25). According to both, Plaintiff was wrongfully disciplined and transferred from the United States Penitentiary in Marion, Illinois (USP-Marion) to another federal facility on October 26, 2022. He faults 20 or more federal officials for their roles in transferring him without a binding separation order. Plaintiff claims they worked together, contributed to, or conspired to violate statutes, regulations, laws, and rules in an abuse of process that resulted in the "false imprisonment of [his] physical being." *Id*.

According to Plaintiff, Defendant Curry was the "originating compulsion . . . that instigated the retaliative conspiracy, to, have, Plaintiff Michael Schuttpelz submitted to 'false imprisonment'" at USP-Marion. On August 7, 2022, this defendant conducted a cell shakedown. Plaintiff became outraged because the shakedown reminded him of an earlier cell search that resulted in the confiscation, loss, or destruction of his billiard chalk cubes. *Id*.

He discussed the shakedown with another inmate at a Sex Offender Treatment Program (Residential) (SOTP-R) processing session on August 9, 2022. Inmate Stephen Ardrey listened in on the session while the two inmates talked, in violation of SOTP-R confidentiality rules. Defendant Huckelberry questioned Plaintiff about the conversation on August 10, 2022. The officer concluded that Plaintiff was being untruthful about his role in the matter and issued him a

2

disciplinary ticket for a "203 infraction." Plaintiff was placed in USP-Marion's Special Housing Unit (SHU) the same day. *Id*.

On August 17, 2022, a female officer conducted a telephonic disciplinary hearing before finding Plaintiff guilty and punishing him with a $15 fine, 21 days of segregation, 27 days of lost good time credit, and 60 days of lost commissary, email, and visitation privileges. Because he transferred to the SHU on August 10, 2022, Plaintiff claims that he should have been released after 21 days on August 31, 2022. He remained in the SHU until he transferred to another federal facility on October 26, 2022. Plaintiff claims that he was subjected to false imprisonment from September 1, 2022 until October 26, 2022. *Id*.

Defendant Brooks had authority to release him from the SHU but refused to do so. Defendants Owings, Dunning, and Deitrick also failed to release him from the SHU after August 31, 2022. When Defendant Owings learned where the plaintiff would be transferred, she "gloatingly" informed him that he would not like it there. Warden Sproul had authority to stop the transfer but did not. On October 25, 2022, USP-Marion officials packed the plaintiff's belongings and left some behind.[2] As he exited the facility on October 26, 2022, Defendant Owings said, "Do not ever come back here." No separation order was legally issued before his transfer. *Id*.

While at USP-Marion, Plaintiff repeatedly requested a BP-8 Form. He asked Defendants Brooks, Wallace, and Tapeley for this form to appeal the disciplinary decision, his continued placement in the SHU, and other unspecified issues. Defendants failed to provide the form or address any of these concerns. *Id*.

Plaintiff claims that all other defendants played a role in his false imprisonment through their alleged abuse of process in his underlying arrest, prosecution, and/or conviction for

---

[2] *Schuttpelz 1* focuses on Plaintiff's claim for lost property arising from this prison transfer. *See id.*

enticement of a minor. This includes FBOP officials Jenny McGlynn Emmons, Bryan Taube, Steve Benner, Karl Haws, Christopher S. Pennisi, G. Thomas Winterhalter, and Special Agent Nestleroad and Assistant United States Attorneys John O'Brien, II, Kevin Mulcahy, and Stephen J. Murphy. *Id*.

## Discussion

Based on these allegations, the Court finds it convenient to designate the following claims in the *pro se* Complaint:

**Count 1:**   *Bivens* claim against Defendants for issuing Plaintiff a disciplinary ticket for a "203 infraction" on August 10, 2022, and punishing him with 21 days in segregation, 27 days of lost good time credit, and 60 days of lost privileges.

**Count 2**:   *Bivens* claim against Defendants for Plaintiff's prolonged placement in USP-Marion's SHU from September 1, 2022 until October 26, 2022, after he completed his 21-day punishment on August 31, 2022.

**Count 3:**   *Bivens* claim against Defendants for Plaintiff's unlawful transfer to another federal facility without a lawful separation order on October 26, 2022.

**Count 4:**   *Bivens* claim against Defendants for their role in Plaintiff's false imprisonment in the Federal Bureau of Prisons for enticement of a minor.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Plaintiff brings his claims in this case pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392 (1971). In *Bivens*, the Supreme Court first recognized an implied damages remedy against individual federal officers for violations of the Fourth Amendment prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 392. In the decade that followed, the Court extended the implied damages remedy only twice to cover a Fifth Amendment claim of

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979) and an Eighth Amendment claim of medical deliberate indifference in *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has since declined to extend the implied damages remedy into any new context or to include any new defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017).

The Court more recently clarified that all further expansion of the implied damages remedy is strongly disfavored. *See Egbert v. Boule*, 596 U.S. 482 (2022). Now, a district court presented with any *Bivens*-type claim must determine whether it meaningfully differs from the three claims previously recognized by the Supreme Court in *Bivens*, *Davis*, and *Carlson*. *Egbert*, 596 U.S. at 492. The district court must also consider whether "special factors" counsel hesitation in expanding this remedy into a new context without congressional action. *Id*. This analysis hinges on the question of whether Congress or the Court is in a better position to create a damages remedy. *Id*. Generally, Congress is in the better position to do so. *Id*.

Counts 1 through 4 all present new contexts not previously recognized by the Supreme Court. In Count 1, Plaintiff challenges his punishment resulting from an allegedly false disciplinary ticket. In Count 2, he disputes his prolonged placement in the SHU. In Count 3, he takes issue with a prison transfer. In Count 4, Plaintiff challenges the underlying basis of his custody and detention within the FBOP. These claims are unlike the Fourth Amendment search and seizure claim in *Bivens*, Fifth Amendment gender discrimination claim in *Davis*, or Eighth Amendment deliberate indifference to medical needs claim in *Carlson*.

Counts 1 through 4 also involve different groups of defendants not previously contemplated in *Bivens*, *Davis*, or *Carlson*. This includes the United States, United States Attorney, Assistant United States Attorneys, Federal Bureau of Investigation Special Agents,

miscellaneous prison staff, and an inmate. The Supreme Court has not authorized further expansion of the *Bivens*-type remedy to cover these defendants.

Moreover, the FBOP's administrative remedies process and/or habeas actions may be used to address due process violations like the ones alleged by Plaintiff. *See Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018) (claims premised on due process violations arising from administrative and disciplinary proceedings not cognizable under *Bivens* and properly dismissed at screening). And, to the extent Plaintiff presents a new claim, Congress is in a better position than the Court to create any additional remedy.

Based on the foregoing discussion, Counts 1, 2, 3, and 4 against Defendants shall be dismissed with prejudice for failure to state a claim,[4] and this case will be closed.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This includes **COUNTS 1, 2, 3,** and **4** against **ALL DEFENDANTS**. Because no other claims remain pending, the entire action is **DISMISSED** with prejudice. Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within sixty days of the entry of judgment. FED. R.

---

[4] Plaintiff's claims may also be barred by the applicable statute of limitations or by his failure to exhaust all available administrative remedies before filing his complaint as required under the Prison Litigation Reform Act. Even if he timely filed suit after properly exhausting his administrative remedies in compliance with the PLRA, however, Plaintiff's underlying claims do not survive screening and are subject to dismissal under 28 U.S.C. 1915A.

APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 01, 2025**            s/ J. Phil Gilbert_____
                                         **J. PHIL GILBERT**
                                         **United States District Judge**